CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 31, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **KENNETH NEWKIRK,** ) | |
| Plaintiff, ) | Civil Action No. 7:24cv00164 |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| **WARDEN ARTRIP, et al.,** ) | By:  Robert S. Ballou |
| Defendants. ) | United States District Judge |

Plaintiff Kenneth Newkirk, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against Warden Artrip and others, alleging that the defendants are planning to illegally transfer him out-of-state. Prior to filing this action, Newkirk filed at least three actions that were dismissed for failure to state a claim upon which relief may be granted.[1] Therefore, under the three-strikes provision of the Prison Litigation Reform Act (PLRA), Newkirk may not proceed with this action unless he either prepays the entire filing fee or shows that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Newkirk is well aware of this requirement, having had four actions previously dismissed under the three strikes provision.[2]

Newkirk alleges that this matter is an emergency. He states that he is currently being held illegally in "stepdown" where his access to the telephone and to email is severely restricted or non-existent. He has been told by defendants Blevins and Caughron that his "life and safety is in

---

[1] *See Newkirk v. Shaw, et al.*, No. 3:14CV171-HEH, 2014 WL 6712888, at *6 (E.D. Va. Nov. 26, 2014); *Newkirk v. Shaw*, No. 3:14CV426-HEH, 2014 SL 4161991, at *3 (E.D. Va. Aug. 19, 2014); *Newkirk v. Cir. Ct. of the City of Hampton*, No. 3:14CV372-HEH, 2014 WL 4072212, at *3 (E.D. Va. Aug. 14, 2014); *Newkirk v. Lerner*, No. 3:13CV364-HEH, 2014 WL 587174, at *5 (E.D. Va. Feb. 14, 2014); *Newkirk v. Chappell*, No. 3:13CV73-HEH, 2013 WL 5467232, at *3 (E.D. Va. Sept. 30, 2013).

[2] *Newkirk v. Clarke*, 3:18CV205-HEH (E.D. Va. Apr. 13, 2018) (dismissing under § 1915(g)); *Newkirk v. Clarke, et al.*, No. 7:23cv00394 (W.D. Va. Dec. 19, 2023); *Newkirk v. Fleming, et al.*, No. 7:23cv00623 (W.D. Va. Dec. 19, 2023); *Newkirk v. Clarke, et al.*, No. 7:23cv00710 (W.D. Va. Dec. 19, 2023).

imminent danger" if he goes to general population, but they have not told him why his life is in danger. One could infer, although Newkirk does not so state, that the alleged risk to his safety is the reason for a transfer out of state.

Newkirk's inclusion of the words "imminent danger" to his life and safety is not sufficient to show that he is actually in imminent danger of serious physical harm. Unsupported, vague, conclusory allegations are insufficient. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 552 (4th Cir. 2008). Further, the defendants' alleged conduct is not the cause of the risk to his safety. Rather, defendants have taken action to protect him from risk in general population, first by placing him in a more restrictive unit, and second, according to Newkirk, by making plans to send him out-of-state, hopefully away from the danger. The exception to the three-strike rule, allowing a plaintiff to proceed *in forma pauperis* if he is "under imminent danger of serious physical injury," focuses on the risk "that *the conduct complained of* threatens continuing or future injury." *Hall v. United States*, 44 F.4th 218, 225 (4th Cir. 2022). The conduct complained of in Newkirk's complaint is that the defendants may transfer him out of state, which Newkirk wishes to prevent. Defendant's plans to transfer him are not the reason Newkirk's "life and safety" are at risk as alleged. Therefore, the imminent danger exception does not apply to allow Newkirk to proceed without prepayment of the full filing fee.

Because Newkirk has neither prepaid the filing fee nor demonstrated that he is "under danger of serious physical injury" because of the defendants' conduct, the court will dismiss his complaint without prejudice under 28 U.S.C. § 1915(g).[3] Likewise, his motion for hearing (ECF No. 2) will be dismissed as moot.

---

[3] Even if Newkirk had paid the required fee in full, as required by § 1915(g), his complaint would be subject to dismissal for failure to state a claim for which relief may be granted. The Supreme Court has long recognized that an interstate prison transfer does not deprive an inmate of any liberty interest protected by the Due Process Clause. *Olim v. Wakinekona*, 461 U.S. 238, 248 (1983). The failure to follow procedures under the

It is hereby

**O R D E R E D**

that the plaintiff's complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g), his motion for hearing will be **DISMISSED** as moot, and this action shall be **STRICKEN** from the court's active docket.

Further, the court takes notice that Newkirk's repeated improper filings without prepayment of filing fees or properly pled allegations of imminent risk of serious physical harm are vexatious conduct that hinders the court from fulfilling its constitutional duties. *See, e.g., Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). Accordingly, Newkirk is admonished that he may be held in contempt or otherwise sanctioned if he files any further civil rights complaints in this court without the proper prepayment of the filing fee or a properly pled allegation of imminent risk of serious physical harm.

The Clerk is directed to send a copy of this opinion and order to Newkirk.

Enter: May 30, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

---

Interstate Corrections Compact or under the state's laws and regulations is irrelevant, because a defendant does not have a constitutional right to have those procedures followed unless failure to do so imposes atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life. *Prieto v. Clarke*, 780 F.3d 245, 249 (4th Cir. 2015). As a matter of law, confinement in another state does not impose atypical and significant hardship, because "[c]onfinement in another State . . . is within the normal limits or range of custody which the conviction has authorized the State to impose." *Olim*, 461 U.S. at 247. Thus, Newkirk has no liberty interest in avoiding a transfer to another prison, whether in-state or out-of-state. Without a liberty interest to be protected, there can be no due process claim. *Cochran v. Morris*, 73 F.3d 1310, 1318 (4th Cir. 1996).